**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHARON K. WATSON, )<br>)<br>  Plaintiff, )<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>Administration, )<br>)<br>  Defendant. ) | NO.  CIV-04-0058-HE |

## ORDER

Plaintiff Sharon K. Watson has filed a motion requesting attorney's fees in the amount of $7,614.60, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The defendant objects to a fee award, contending it is not warranted under the EAJA because defendant's position was substantially justified.  Defendant does not, though, challenge the amount of the fee request.

The plaintiff, as the prevailing party, is entitled to a reasonable attorney's fee "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The underlying purpose of the EAJA "is to provide financial incentives for persons contesting unreasonable governmental action and to improve citizen access to the courts and administrative proceedings by providing an award to a prevailing party."  Hadden v. Bowen, 851 F.2d 1266, 1267 n.1 (10th Cir. 1988).

The government bears the burden of demonstrating that its position was substantially justified, *id.*, and "the term 'position' includes the government's position both in the

underlying agency action and during any subsequent litigation." *Id.* at 1268; 28 U.S.C. §2412(d)(2)(D). The government's position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Even though it is erroneous, the government's position can be substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id*. at 566 n.2. *Accord* Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (The test for substantial justification in this circuit is one of reasonableness in law and fact."). *See* Butler v. Chater, 92 F.3d 1196, 1996 WL 452910, at *2 (10th Cir. Aug. 9, 1996) ("The reasonableness test consists of three components: (1) a reasonable basis for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) the facts alleged must reasonably support the legal theory advanced.").[1]

After consideration of the record, the court concludes the defendant has failed to show that her position was substantially justified. Although a close question, the agency's prelitigation conduct – the Administrative Law Judge's combined failure to consider the limitations of the plaintiff's obesity and his errors at the second phase of the step four analysis – precludes a determination that no fees should be awarded. *See* Chester v. Apfel, 2001 WL 10316 (10th Cir. Jan. 4, 2001). *See also* 28 U.S.C. §2412(d)(2)(D) ("position of the United States" includes "the action or failure to act by the agency upon which the civil action is based"); Hadden, 851 F.2d at 1267.

---

[1]*Butler* and the other unpublished decision referred to in this order are cited for persuasive value only under 10th Cir. R. 36.3(B).

The plaintiff's application for an award of attorney's fees pursuant to the Equal Access to Justice Act [Doc. #27] is, therefore, **GRANTED**. The court concludes that the plaintiff's initial fee request in the amount of $7614.60 is reasonable and that she is entitled to an additional award in the amount of $612.00 for litigating her fee claim, for a total of $8226.60.

Accordingly, the plaintiff is awarded attorney's fees pursuant to the Equal Access to Justice Act in the amount of $8226.60, to be made payable to her attorneys, Troutman & Troutman, P.C., Tax ID No. 73-1487089. If attorney's fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, plaintiff's counsel shall refund the smaller award to the plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED**.

Dated this 24TH day of June, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE